UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHAMOLIN JANE ROCKEFELLER,

                    Plaintiff,

      v.

DUTCHESS COUNTY DEPARTMENT OF
SOCIAL SERVICES; JUDGE KERI SAVONA;
NORTHEAST CENTER FOR
REHABILITATION AND BRAIN INJURY,

                    Defendants.

25-CV-5210 (KMK)

ORDER OF SERVICE

---

KENNETH M. KARAS, United States District Judge:

Plaintiff, who is appearing pro se, brings this action under 42 U.S.C. § 1983, Title II of the Americans With Disabilities Act ("ADA"), the Rehabilitation Act, and state law, alleging that Defendants—the Guardianship Division of the Dutchess County Department of Social Services ("DCDSS"); Ulster County Supreme Court Judge Keri Savona; and the Northeast Center for Rehabilitation and Brain Injury ("NEC")—violated her rights. (*See* Compl. 2–3 (Dkt. No. 1).) By order dated June 25, 2025, the Court granted Plaintiff's request to proceed in forma pauperis ("IFP"), that is, without prepayment of fees. (*See* Dkt. No. 5.)

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (noting that § 1915(e) "mandate[s] that a district court '*shall* dismiss the case' if the court determines that the action is frivolous or malicious" (emphasis in original)).

The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis omitted). But the "special solicitude" in pro se cases, *id*. at 475 (citation omitted), has its limits—to state a claim, pro se pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. *See Sun v. Mo*, No. 24-CV-3630, 2024 WL 3639158, at *2, *12 (S.D.N.Y. Aug. 2, 2024) (dismissing claims brought by a pro se and IFP plaintiff for failure to state a claim); *Obah v. ADAPT*, No. 24-CV-5014, 2024 WL 3413712, at *1 (S.D.N.Y. July 15, 2024) (same).

## DISCUSSION

### A.    Disability Discrimination Claims

Plaintiff invokes Title II of the ADA, which prohibits disability discrimination by public entities, 42 U.S.C. § 12131 *et seq*.[1] (*See* Compl. 1–2.) The purpose of the ADA is "to ensure evenhanded treatment between the disabled and the able-bodied." *Doe v. Pfrommer*, 148 F.3d 73, 82 (2d Cir. 1998). Plaintiff also invokes the Rehabilitation Act. (*See* Compl. 3.) Section 504

---

[1] Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a).

of the Rehabilitation Act similarly provides that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."[2]  29 U.S.C. § 794(a).  When brought together, "claims under Title II and Section 504 may be treated identically."  *Iwala v. N.Y.C. Police Dep't 032 Precinct*, No. 23-CV-5078, 2024 WL 1658176, at *8 (S.D.N.Y. Apr. 15, 2024) (citing *Hilton v. Wright*, 928 F. Supp. 2d 530, 556–57 (N.D.N.Y. 2013) (citing *Henrietta D. v. Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2003))).

Here, the Complaint does not contain facts supporting a disability discrimination claim. Part of the relief Plaintiff seeks is an order that Defendants "provide [her with] ADA-compliant access and written notice of any care plans."  (Compl. 3.)  Plaintiff does not, however, identify the nature of her disability or the role it played in her being denied access to her father.  She also does not identify what type of written notices or plans were issued regarding her father's care—if any—or explain how a failure to receive ADA-compliant access of those care plans constitutes a failure to accommodate her disability.  Further, even if the Court assumes that Plaintiff is a qualified individual with a disability for the purpose of Title II of the ADA or the Rehabilitation Act, and is thus subject to the protections of either of those statutes, Plaintiff has alleged no facts showing that she was denied the opportunity to participate in or benefit from Defendant's services, programs, or activities, or was otherwise discriminated against by Defendants, *by reason of* her disability.  Plaintiff thus fails to state a claim under the ADA or the Rehabilitation At, and those claims must be dismissed for failure to state a claim on which relief may be granted.  *See Iwala*, 2024 WL 1658176, at *8 (dismissing IFP claims where plaintiff did not

---

[2] Plaintiff alleges that NEC is a Medicaid-funded long-term care facility.  (Compl. 1.)

"provide facts regarding the nature of her disability" or allege "that the incident described in the complaint was related to any disability that she might have"). The Court grants Plaintiff leave to amend her Complaint to allege facts, should any exist, showing that Defendants discriminated against her by reason of her disability.

**B.    Claims Asserted Against Judge Savona**

Plaintiff brings this Action against Judge Savona seeking money damages and an order enjoining her from issuing orders in the guardianship proceeding. (*See* Compl. 1, 3.) Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id*. (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

Judicial immunity does not apply when the judge takes action "outside" her judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of all jurisdiction." *Mireles*, 502 U.S. at 9–10; *see also Bliven*, 579 F.3d at 209–10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

Finally, Section 1983, as amended in 1996, provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Rather, where an appeal is available, declaratory relief also is

4

available.  *See, e.g.*, *Thompson v. Greico*, No. 24-CV-5013, 2024 WL 4635497, at *2 (S.D.N.Y. Oct. 28, 2024) ("[D]eclaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order." (quoting *Davis v. Campbell*, No. 13-CV-0693, 2014 WL 234722, at *9 (N.D.N.Y. Jan. 22, 2014))).

Plaintiff fails to allege facts showing that Judge Savona acted beyond the scope of her judicial responsibilities or outside her jurisdiction.  *See Mireles*, 509 U.S. at 11–12.  Because Plaintiff sues this judge for "acts arising out of, or related to, individual cases before [her]," she is immune from suit for such claims for damages.  *Bliven*, 579 F.3d at 210; *see Thompson*, 2024 WL 4635497, at *2 (finding a judge to be absolutely immune from plaintiff's damages claims); *see Herbert v. Sanfeliz*, No. 22-CV-4299, 2022 WL 2333930, at *1 (S.D.N.Y. June 28, 2022) (same).  Moreover, Plaintiff alleges no facts suggesting that a declaratory decree was violated or that declaratory relief was unavailable.  Rather, Plaintiff alleges facts showing that she disagrees with Judge Savona's decisions.  (*See* Compl. 2.)  As the proper remedy for such a disagreement is an appeal, Plaintiff cannot seek injunctive relief against Judge Savona.  Accordingly, the Court dismisses the claims brought against Judge Savona under the doctrine of judicial immunity, and consequently, as frivolous.  *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the IFP statute.").

## C.    Claims Against DCDSS

Plaintiff's claims against DCDSS must be dismissed because municipal agencies or departments do not have the capacity to be sued under New York law.  *See Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality are not suable entities."); *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative

arms of a municipality[] do not have a legal identity separate and apart from the municipality and cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village.").

In light of Plaintiff's pro se status and clear intention to assert claims against Dutchess County, the Court construes the complaint as asserting claims against Dutchess County, and directs the Clerk of Court to amend the caption of this action to replace DCDSS with Dutchess County.  *See* Fed. R. Civ. P. 21.  This amendment is without prejudice to any defenses Dutchess County may wish to assert.[3]

**D.    Motion For Pro Bono Counsel**

Plaintiff also moves for the appointment of pro bono counsel.  (*See* Dkt. No. 3 ("Mot.").) The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel.  *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 171–72 (2d Cir. 1989); *Hodge v. Police Officers*, 802 F.2d 58, 60–62 (2d Cir. 1986).  Of these, the merits are "[t]he factor which command[s] the most attention."  *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date.  *See*

---

[3] To hold a municipality liable under Section 1983 for acts by its employees, a plaintiff must allege that a constitutional violation occurred because of an official policy, custom or practice.  *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008).  If Plaintiff files an amended complaint, she may: (1) add any additional facts that exist in support of a claim against Dutchess County; and (2) add as Defendants any individual DCDSS employees who were personally involved in allegedly violating her rights and allege facts showing how they were personally involved in violating her rights.  *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." (internal quotation marks omitted)).

*Fernandez v. Fredrickson*, No. 25-CV-2103, 2025 WL 1093382, at *1 (S.D.N.Y. Mar. 13, 2025) (denying motion for counsel as premature); *DeJesus v. Santiago*, No. 22-CV-9559, 2022 WL 17812897, at *2 (S.D.N.Y. Dec. 14, 2022) (same).

Moreover, Plaintiff provides limited evidence that she attempted to obtain counsel, alleging only that she made a "good faith effort . . . without success[,] [d]espite outreach to legal aid and advocacy organizations." (*See* Mot. 3.)  But "[i]n order to meet the requirements of § 1915(e)(1), Plaintiff must allege that she 'is *unable* to retain counsel' and has 'exhausted [her] search.'"  *Franquet v. Martuscello*, No. 25-CV-3585, 2025 WL 1808975, at *3 (S.D.N.Y. July 1, 2025) (quoting *Rosa v. Pathstone Corp.*, No. 23-CV-1071, 2023 WL 8778236, at *2 (S.D.N.Y. Dec. 19, 2023)); *see also Miranda v. City of New York*, No. 14-CV-210, 2016 WL 1317952, at *2 (S.D.N.Y. Apr. 1, 2016) (noting that a minimal effort to search for counsel and having legal requests denied by attorneys is insufficient under *Hodge*).  Thus, as Plaintiff "has not demonstrated that she is unable to retain counsel," her motion must be denied.  *Rosa*, 2023 WL 8778236, at *2; *see also Franquet*, 2025 WL 1808975, at *3 (denying an application for pro bono counsel because plaintiff's search was "not exhausted"); *Mescall v. Whittingham*, No. 25-CV-2175, 2025 WL 1860287, at *2 (S.D.N.Y. July 7, 2025) (same).

**E.    Order of Service**

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service.[4]  *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve

---

[4]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the Complaint and ordered that any summonses be issued.  The Court therefore extends the time to serve until 90 days after the date any summonses issue.

all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the Complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the Action if Plaintiff fails to do so.

## CONCLUSION

The Court dismisses Plaintiff's claims against the Dutchess County Department of Social Services and Judge Kara Savona. *See* 28 U.S.C. § 1915(e)(2)(B)(i) (ii), (iii). The Clerk of Court is directed to add Dutchess County as a Defendant under Fed. R. Civ. P. 21.

The Court dismisses with leave to replead Plaintiff's claims arising under the Americans with Disabilities Act and the Rehabilitation Act. An amended complaint form is attached.[5]

---

[5] The City Bar Justice Center ("CBJC") operates the SDNY Federal Pro Se Legal Assistance Project to assist self-represented parties with civil cases in this court. Appointments can be scheduled by phone (212-382-4794), email (fedprosdny@nycbar.org), or by completing the CBJC's intake form. The CBJC is a private organization that it not part of the court, and the CBJC's SDNY Federal Pro Se Legal Assistance Project cannot accept filings on behalf of the court. A flyer with details is attached. The CBJC may be able to assist Plaintiff with amending her Complaint.

The Court denies the motion for pro bono counsel without prejudice, and the Clerk of Court is respectfully directed to terminate it.  (*See* Dkt. No. 3.)

The Clerk of Court is further instructed to issue summonses for Dutchess County and the Northeast Center for Rehabilitation and Brain Injury, complete the USM-285 forms with the address for Defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

Plaintiff may receive court documents by email by completing a Consent to Electronic Service form.[6]

The Clerk of Court is directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:    July 21, 2025
          White Plains, New York

_____
          KENNETH M. KARAS
          United States District Judge

---

[6] If Plaintiff consents to receive documents by email, Plaintiff will no longer receive court documents by regular mail.

**SERVICE ADDRESS FOR EACH DEFENDANT**

1.    Dutchess County
      Office of the Dutchess County Attorney
      22 Market Street
      Poughkeepsie, NY 12601

2.    Northeast Center for Rehabilitation and Brain Injury
      300 Grant Ave
      Lake Katrine, NY 12449

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____                    ____ Civ. _____ ( ____ )

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*                    **AMENDED**

**COMPLAINT**

-against-

_____                    Jury Trial:   □ Yes         □ No

_____                    (check one)

_____

_____

_____

_____

_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s).  If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names.  The names
listed in the above caption must be identical to those contained in
Part I.  Addresses should not be included here.)*


I.     **Parties in this complaint:**

A.     List your name, address and telephone number.  If you are presently in custody, include your
        identification number and the name and address of your current place of confinement.  Do the same
        for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff         Name _____

                  Street Address _____

                  County, City _____

                  State & Zip Code _____

                  Telephone Number _____

B.     List all defendants.  You should state the full name of the defendant, even if that defendant is a
        government agency, an organization, a corporation, or an individual.  Include the address where
        each defendant may be served.  Make sure that the defendant(s) listed below are identical to those
        contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant  No. 1      Name  _____

                      Street Address  _____

                      County, City  _____

                      State & Zip Code  _____

                      Telephone Number  _____


Defendant  No. 2      Name  _____

                      Street Address  _____

                      County, City  _____

                      State & Zip Code  _____

                      Telephone Number  _____


Defendant  No. 3      Name  _____

                      Street Address  _____

                      County, City  _____

                      State & Zip Code  _____

                      Telephone Number  _____


Defendant  No. 4      Name  _____

                      Street Address  _____

                      County, City  _____

                      State & Zip Code  _____

                      Telephone Number  _____


## II.    Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction.  Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.    What is the basis for federal court jurisdiction?  *(check all that apply)*

☐ Federal Questions            ☐ Diversity of Citizenship

B.    If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____

_____

_____

C.    If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _____

Defendant(s) state(s) of citizenship _____

_____

**III.    Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case.    Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    Where did the events giving rise to your claim(s) occur? _____

_____

B.    What date and approximate time did the events giving rise to your claim(s) occur? _____

_____
_____

C.    Facts: _____

_____

| What happened to you? |
| What happened to you? |

_____
_____
_____
_____

| Who did what? |

_____
_____
_____
_____

| Was anyone else involved? |

_____
_____

| Who else saw what happened? |

_____
_____
_____

**IV.    Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

_____
_____
_____
_____
_____

V.      **Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are

seeking, and the basis for such compensation.  _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

                          Signature of Plaintiff    _____

                          Mailing Address            _____

                                                     _____

                                                     _____

                          Telephone Number           _____

                          Fax Number *(if you have one)*   _____


<u>Note</u>:   All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners
         must also provide their inmate numbers, present place of confinement, and address.


<u>For Prisoners</u>:

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering
this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for
the Southern District of New York.

                          Signature of Plaintiff:    _____

                          Inmate Number              _____


*Rev. 12/2009*                                    4