UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHAMOLIN JANE ROCKEFELLER,

                *Plaintiff*,

v.

NORTHEAST CENTER FOR
REHABILITATION AND BRAIN INJURY
*and* DUTCHESS COUNTY,

                *Defendants*.

No. 25-CV-5210 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

      Pro se Plaintiff Chamolin Rockefeller ("Plaintiff") filed this Action against Dutchess County and the Northeast Center for Rehabilitation and Brain Injury ("NEC," and together with Dutchess County, "Defendants"), pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), and Section 504 of the Rehabilitation Act of 1973. (See Compl. 2–3 (Dkt No. 1).) Before the Court is Plaintiff's Emergency Motion for Relief received August 28, 2025, seeking injunctive relief (the "Renewed Motion") relating to Plaintiff's access to her father, Alfred James Rockefeller III ("Rockefeller"), who is under public guardianship and currently resides at NEC. (See Pl.'s Emergency Mot. for Relief ("Renewed Mot.") 1–2 (Dkt. No. 37); Compl. 1–2.) For the reasons explained below, the Renewed Motion is denied.

## I. Background

      Plaintiff filed this Action on June 23, 2025. (*See* Compl.) As relevant here, Plaintiff also moved that day for a Temporary Restraining Order ("TRO").[1] (*See* [Proposed] Temporary

---

[1] The case's procedural history is described in greater detail in the Court's Order of August 5 denying Plaintiff's first TRO request. (*See* Order dated Aug. 5, 2025 ("Aug. 5 Order") 2 (Dkt. No. 23).)

Restraining Order 1 (Dkt. No. 8).) On July 21, 2025, the Court denied Plaintiff's TRO Motion as premature, because it was made prior to service of the Complaint or the Motion on Defendants. (*See* Mem. Endorsement 2 (Dkt. No. 11).) Service was executed on Defendants on July 28, 2025. (*See* Process Receipt & Return of Service (Dkt. Nos. 17–18).) On August 1, 2025, Plaintiff filed an Amended Motion seeking, inter alia, a TRO. (*See* [Proposed] Order for Emergency Relief (Dkt. No. 21).) On August 5, 2025, the Court denied Plaintiff's request for a TRO without prejudice, concluding that she had not demonstrated a likelihood of success on the merits. (*See* Aug. 5 Order at 1.) The Court received Plaintiff's Renewed Motion on August 28, 2025. (*See* Renewed Mot. at 1.) Defendants filed their Opposition Briefs on September 9, 2025. (*See* Def.'s Mem. of Law in Opp. To Pl.'s Mots. ("NEC's Opp.") 1 (Dkt. No. 38-1); Def. Dutchess County's Mem. of Law in Opp. To Pl.'s Mot. ("County's Opp.") 9 (Dkt. No. 41)).

## II. Discussion

### A. Standard of Review

"The standards for granting a temporary restraining order and a preliminary injunction pursuant to Rule 65 . . . are identical." *Nat'l Coal. on Black Civic Participation v. Wohl*, 498 F. Supp. 3d 457, 469 (S.D.N.Y. 2020) (quotation marks and citation omitted); *accord Widakuswara v. Lake*, 773 F. Supp. 3d 46, 53 (S.D.N.Y. 2025); *see also Rosa v. Pathstone Corp.*, No. 23-CV-1071, 2023 WL 6813100, at *2 (S.D.N.Y. Oct. 13, 2023).

> A party seeking a preliminary injunction must demonstrate: (1) a likelihood of success on the merits or sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in the plaintiff's favor; (2) a likelihood of irreparable injury in the absence of an injunction; (3) that the balance of hardships tips in the plaintiff's favor; and (4) that the public interest would not be disserved by the issuance of an injunction.

*Benihana, Inc. v. Benihana of Tokyo, LLC*, 784 F.3d 887, 895 (2d Cir. 2015) (alteration adopted and quotation marks omitted).

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *see also State Farm Mut. Auto. Ins. Co. v. Tri-Borough NY Med. Prac. P.C.*, 120 F.4th 59, 79 (2d Cir. 2024); *Crocs, Inc. v. Jinjiang Hobibear Shoes & Clothing Co.*, No. 25-CV-180, 2025 WL 1519114, at *1 (S.D.N.Y. May 28, 2025) ("A temporary restraining order, like a preliminary injunction, is an extraordinary remedy never awarded as of right." (internal quotation marks and citation omitted)). "The purpose of a preliminary injunction is not to award the movant the ultimate relief sought in the suit but is only to preserve the status quo by preventing during the pendency of the suit the occurrence of that irreparable sort of harm which the movant fears will occur." *Empire Trust, LLC v. Cellura*, No. 24-CV-859, 2024 WL 1216729, at *2 (S.D.N.Y. Mar. 21, 2024) (internal citation and quotation marks omitted); *see also Garcia v. Yonkers Sch. Dist.*, 561 F.3d 97, 107 (2d Cir. 2009); *Goldstein v. Hochul*, No. 22-CV-8300, 2022 WL 20305832, at *1 (S.D.N.Y. Oct. 3, 2022).

B.  Analysis

The Court construes the Complaint as raising the six causes of action identified in the Court's August 5 order: (1) a claim under the Equal Protection Clause; (2) a due process claim; (3) a reasonable-accommodation claim under the ADA; (4) a claim under Section 504 of the Rehabilitation Act; (5) a retaliation claim; and (6) a claim for intentional infliction of emotional distress, (*see* Compl. 2–3), and notes that Plaintiff further asserts (7) a violation of the Nursing Home Reform Act, 42 U.S.C. § 1396r; and (8) breach of fiduciary duty. (*See* Pl.'s Mem. of Law in Supp. of Emergency Mot. ("Pl.'s Mem."), 1, 4 (Dkt. No. 32).)

Plaintiff's Renewed Motion fails for substantially similar reasons as her previous motion. Her claims are based on Defendants' "alleged exclusion of Plaintiff from Rockefeller's guardianship and care," and the "alleged limitation of Plaintiff's visits and communications with

Rockefeller." (*See* Aug. 5 Order at 6.) The relief she requests relates to visitation and to her father's care. (*See* Renewed Mot. at 1–2 (requesting an order "[r]estoring in-person visitation and . . . telephone access"; "mandating in-person [meetings]"; "[a]uthorizing [Rockefeller's] attendance at family events"; and "[e]njoining Defendants from imposing further . . . restrictions").). As the Court explained, these issues are "governed by a visitation plan entered by Judge Savona in the Ulster County Supreme Court." (*See* Aug. 5 Order at 6.) To the extent those state proceedings are ongoing, Plaintiff's request is likely subject to *Younger* abstention, and to the extent that they have concluded, *Rooker-Feldman* likely bars the requested relief. (*Id.* at 7–8.) Plaintiff therefore has not demonstrated the requisite likelihood of success.[2]

Moreover, several of Plaintiff's claims appear to be asserted derivatively on behalf of her father. (*See, e.g.*, Pl.'s Mem. at 1 ("Defendants have . . . confined Mr. Rockefeller in violation of the Supreme Court's mandate in *Olmstead v. L.C.*, 527 U.S. 581 (1999), which requires placement in the most integrated setting appropriate." (italics added)); Decl. of Chamolin J. Rockefeller 2 (Dkt. No. 45) ("Under the Nursing Home Reform Act, residents are entitled to receive family visitors of their choice and to be free from isolation.").). She has not demonstrated a likelihood that she would have standing to assert these claims.

Standing is a doctrine that restricts a court's ability to hear cases, limiting a court so that it may "only . . . redress or otherwise . . . protect against injury *to the complaining party*." *Warth v. Seldin*, 422 U.S. 490, 499 (1975) (emphasis added); *see also, e.g.*, *Carver v. City of N.Y.*, 621

---

[2] In reply, Plaintiff asserts that *Rooker-Feldman* does not apply. (*See* Pl.'s Reply Mem. of Law in Further Supp. of Emergency Mot. ("Pl.'s Reply") 2 (Dkt. No. 46).) She characterizes her request as "seek[ing] enforcement of independent federal rights," rather than challenging a state court judgment. (*Id.*) But her filings "fail[] to identify . . . actions" by Defendants that fall beyond the scope of the state court's order. *See Advani v. App. Term, 2nd Jud. Dep't*, No. 25-CV-1627, 2025 WL 2201065, at *3 (S.D.N.Y. Aug. 1, 2025). "The Rooker-Feldman bar cannot be overcome by the mere characterization of the state court's judgment as unconstitutional." *Id.*

F.3d 221, 225 (2d Cir. 2010). To satisfy the standing requirement, a plaintiff must show (1) that she suffered "an injury-in-fact," the invasion of a "legally protected interest" that is both (a) "concrete and particularized" and (b) "actual or imminent"; (2) a "causal connection between the injury" and the challenged conduct; and (3) that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (quotation marks and citations omitted). "A plaintiff must demonstrate standing for each claim and form of relief sought." *Carver*, 621 F.3d at 225 (quoting *Baur v. Veneman*, 352 F.3d 625, 642 n.15 (2d Cir. 2003) (alteration adopted)). At least as to the claims that Plaintiff asserts on behalf of her father, she is not likely to demonstrate that her own "legally protected interest" was violated, and she has alleged no other facts that could provide her with standing to sue on his behalf. *See, e.g.*, *Gray-Davis v. Rigby*, No. 14-CV-1490, 2016 WL 1298131, at *7 (N.D.N.Y. Mar. 31, 2016) ("While plaintiffs may exercise third-party standing in some circumstances, [a] section 1983 civil rights action is a personal suit and may not be brought by a relative, even the parents, spouse or children of the individual whose civil rights were violated." (internal quotation marks and citation omitted)); *California Advocs. for Nursing Home Reform, Inc. v. Chapman*, No. 12-CV-06408-JST, 2013 WL 2422770, at *6–7 (N.D. Cal. June 3, 2013) (dismissing NHRA claims against corporate operator of nursing homes, including claim asserted by relative of deceased nursing home resident, due to failure to allege sufficiently direct injury that would support standing); *Ulmer v. Corr. Officer Dibble*, No. 15-CV-0497, 2016 WL 5940912, at *4 (N.D.N.Y. Oct. 13, 2016) (denying injunctive relief premised on injury, including physical assault, to third party because "[p]laintiff lacks standing to assert any claim or request for injunctive relief on behalf of his family or friend").

III.  Conclusion

For the reasons set forth above, Plaintiff's Renewed Motion is denied.  The Clerk of the Court is respectfully directed to terminate the pending Motion at Dkt. No. 37.

SO ORDERED.

Dated:   October 3, 2025
            White Plains, New York

_____
KENNETH M. KARAS
United States District Judge