# UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

**Chamolin Rockefeller,**

Plaintiff,

v.

**Dutchess County Department of Social Services, et al.,**

Defendants.

Case No.: 1:25-cv-05210 (KMK)

# NOTICE OF EMERGENCY MOTION FOR PRELIMINARY INJUNCTION

PLEASE TAKE NOTICE that Plaintiff Chamolin Rockefeller hereby moves this Court, before the Honorable Kenneth M. Karas, United States District Judge, for a preliminary injunction pursuant to **Rule 65 of the Federal Rules of Civil Procedure, Title II of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act**, and **42 U.S.C. § 1983**. This motion is based upon:

- The accompanying Memorandum of Law
- The Declaration of Chamolin Rockefeller
- The attached Exhibits A–G
- All pleadings and proceedings previously had herein

Plaintiff seeks immediate injunctive relief to prevent ongoing violations of federal law and irreparable harm.

Plaintiff further requests that the Court **waive any bond requirement pursuant to Rule 65(c)**, as this action seeks to enforce federal civil rights and the requested relief imposes minimal burden on Defendants.

Dated: 4/24/2026

Respectfully submitted,

**Chamolin Rockefeller**

Plaintiff, Pro Se

Plaintiff's request for emergency relief is denied for the same reasons described in the Court's previous orders. To the extent that she is asserting her own rights, and even with the benefit of the attached exhibits, she still has not demonstrated a likelihood of success on the merits by demonstrating or "alleg[ing] [any] facts showing that she was . . . discriminated against by Defendants[] *by reason of* her disability," and so has not shown a likelihood of success under the ADA or the Rehabilitation Act on her own behalf. *Rockefeller v. Dutchess Cnty. Dep't of Soc. Servs.*, No. 25-CV-5210, 2025 WL 2042309, at *2 (S.D.N.Y. July 21, 2025). Further, Plaintiff still has not shown that her claims are likely to fall outside the scope of abstention doctrines described in the Court's earlier decisions, *e.g. Rockefeller v. Ne. Ctr. for Rehab. & Brain Inj.*, No. 25-CV-5210, 2025 WL 2243583, at *2-4 (S.D.N.Y. Aug. 5, 2025), nor has she explained how she would have standing to assert a claim on behalf of her father, *Rockefeller v. Ne. Ctr. for Rehab. & Brain Inj.*, No. 25-CV-5210, 2025 WL 2821826, at *3 (S.D.N.Y. Oct. 3, 2025). Plaintiff's request is therefore denied. The Clerk of Court is respectfully directed to terminate the pending motion at Dkt. No. 94.

So Ordered.

May 28, 2026

# UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

**Chamolin Rockefeller,**
Plaintiff,

v.

**Dutchess County Department of Social Services, et al.,**
Defendants.
Case No.: 1:25-cv-05210 (KMK)

## EXHIBITS IN SUPPORT OF PLAINTIFF'S EMERGENCY MOTION

**Exhibit A**
Physician Certification of Disability and Accommodation Need

**Exhibit B**
Northeast Center Accommodation Verification Form

**Exhibit C**
April 1, 2026 Email Rejecting Documentation on Notarization Grounds

**Exhibit D**
April 14, 2026 Email from Plaintiff to NEC Counsel Confirming Transmission of Medical Documentation

**Exhibit E**
April 23, 2026 ADA Follow-Up Request for Accommodation, Visitation, and Clarification

**Exhibit F**
Plaintiff's Written Statement Regarding April 14, 2026 Incident

**Exhibit G**
Ulster County Sheriff Contact Card and Case Number (2026-07800)

**Exhibit A**
Physician Certification of Disability and Accommodation Need

Date: 3/23/2026

Dear Physician,

We have received a request for accommodation from Chamolin Rockefeller. We are writing because we need additional information to determine whether we can accommodate her and, if so, what accommodation is appropriate. To assist us with this, please answer the questions below:

**1) Does the individual have a physical, medical, mental or psychological impairment that limits one or more major life activities?**

Answer:
Yes. The patient has a qualifying medical condition that can substantially limit major life activities in certain high-stress or adversarial environments.

**2) If you answered yes to the first question, how is the individual limited?**

Answer:
In such environments, the patient may experience difficulty processing complex information, communicating effectively, and regulating stress.

**3) If you answered yes to the first question, how long will the individual have this impairment?**

☐ # of weeks
☐ # of months
☐ permanently
☑ Other (Please explain): Ongoing

**4) Does the individual require an accommodation to participate in a care planning conference at the long-term care facility?**

Answer:
Yes

**5) What accommodation does the individual need?**

Answer:
The presence of a designated support person during care planning conferences and related interactions.
Additionally, modification of overly restrictive or stressful visitation conditions, when appropriate.

**6) How would your suggestions allow the individual to participate in the care planning conference?**
Answer:
These accommodations support effective communication, comprehension of complex information, and meaningful participation in care-related discussions and interactions.

**7) In particular, the individual has requested to bring a support person or advocate with them to the care planning conference. Is this a necessary accommodation to allow them to participate in the care planning conference? Please explain why or why not.**

Answer:
Yes. A support person is medically necessary to assist with communication, information processing, and stress regulation in these settings.

**8) Please provide any additional information that may be helpful in evaluating this request.**

Answer:
These limitations are context-specific and primarily arise in high-stress or institutional environments. They do not reflect the patient's overall functional capacity in stable, supportive settings.

Reasonable accommodations should also be considered in the context of visitation, as overly restrictive or stressful conditions may exacerbate symptoms and interfere with the patient's ability to engage meaningfully.

The recommended accommodations are intended to support equitable access and participation, not to limit independence or functional capacity in other settings.

Jennifer Titchnell

Physician Name (Please Print)

Signature of Physician

Date: 3/23/26

1

Date: 3/23/2026

Dear Physician,

We have received a request for accommodation from Chamolin Rockefeller. We are writing because we need additional information to determine whether we can accommodate her and, if so, what accommodation is appropriate. To assist us with this, please answer the questions below:

1) Does the individual have a physical, medical, mental or psychological impairment that limits one or more major life activities?

Answer:
Yes. The patient has a qualifying medical condition that can substantially limit major life activities in certain high-stress or adversarial environments.

2) If you answered yes to the first question, how is the individual limited?

Answer:
In such environments, the patient may experience difficulty processing complex information, communicating effectively, and regulating stress.

3) If you answered yes to the first question, how long will the individual have this impairment?

☐ # of weeks
☐ # of months
☐ permanently
☑ Other (Please explain): Ongoing

4) Does the individual require an accommodation to participate in a care planning conference at the long-term care facility?

Answer:
Yes

5) What accommodation does the individual need?

Answer:
The presence of a designated support person during care planning conferences and related interactions. Additionally, modification of overly restrictive or stressful visitation conditions, when appropriate.

6) How would your suggestions allow the individual to participate in the care planning conference?
Answer:
These accommodations support effective communication, comprehension of complex information, and meaningful participation in care-related discussions and interactions.

7) In particular, the individual has requested to bring a support person or advocate with them to the care planning conference. Is this a necessary accommodation to allow them to participate in the care planning conference? Please explain why or why not.

Answer:
Yes. A support person is medically necessary to assist with communication, information processing, and stress regulation in these settings.

8) Please provide any additional information that may be helpful in evaluating this request.

Answer:
These limitations are context-specific and primarily arise in high-stress or institutional environments. They do not reflect the patient's overall functional capacity in stable, supportive settings.

Reasonable accommodations should also be considered in the context of visitation, as overly restrictive or stressful conditions may exacerbate symptoms and interfere with the patient's ability to engage meaningfully.

The recommended accommodations are intended to support equitable access and participation, not to limit independence or functional capacity in other settings.

Jennifen Titchel
Physician Name (Please Print)

Signature of Physician
Date: 3/23/26

1

**Exhibit B**
Northeast Center Accommodation Verification Form

Dear Physician,

We have received a request for accommodation from Chamolin Rockefeller. We are writing because we need additional information to determine whether we can accommodate her and, if so, what accommodation is appropriate. To assist us with this, please answer the questions below:

1) Does the individual have a physical, medical, mental or psychological impairment that limits one or more major life activities?

"Physical, medical, mental or psychological impairment" means (a) "an impairment of any system of the body, including, but not limited to: the neurological system; the musculoskeletal system; the special sense organs and respiratory organs, including, but not limited to, speech organs; the cardiovascular system; the reproductive system; the digestive and genito-urinary systems; the hemic and lymphatic systems; the immunological systems; the skin; and the endocrine system;" or (b) "a mental or psychological impairment" that limits the individual in one or more major life activities.

**Answer:**

2) If you answered yes to the first question, how is the individual limited?

**Answer:**

3) If you answered yes to the first question, how long will the individual have this impairment?

_____ # of weeks _____ # of months _____ permanently __ Other (Please explain):

4) Does the individual require an accommodation to participate in a care planning conference at the long-term care facility?

A "care planning conference" is a meeting where a resident, their guardian, family, and/or a care team discuss and develop a comprehensive, person-centered care plan for a resident.

**Answer** (please circle one):  Yes / No

If *yes,* please continue to next questions.

5) What accommodation does the individual need?

**Answer:**

1

6) How would your suggestions allow the individual to participate in the care planning conference?

**Answer:**

7) In particular, the individual has requested to bring a support person or advocate with them to the care planning conference. Is this a necessary accommodation to allow them to participate in the care planning conference? Please explain why or why not.

**Answer:**

8) Please provide any additional information that may be helpful in evaluating this request.

**Answer:**

Thank you for your time and attention to this matter.

_____
Physician Name (Please Print)

_____
Signature of Physician completing form                   Date: _____

Sworn to before me this
__ day of _____ 2025

_____
Notary Public

2

**Exhibit C**
April 1, 2026 Email Rejecting Documentation on Notarization Grounds

 Outlook

---

## RE: ROCKEFELLER 3/23/2026

---

**From** Julie Cole <jcole@northeastcenter.com>

**Date** Wed 4/1/2026 12:48 PM

**To** Camolin rockefeller <chamolin@hotmail.com>; Bouffard, Mark (DFA) <Mark.Bouffard@dfa.state.ny.us>; Julie Carroll <JCarroll@northeastcenter.com>

**Cc** DeGroat, Cheryl (DFA) <Cheryl.DeGroat@dfa.state.ny.us>; Bonomo-Gose, Christie (DFA) <Christie.Bonomo-Gose@dfa.state.ny.us>

Hello Chamolin,

As Mr. Bouffard stated, the letter is not notarized and there is no way to verify the credentials of the provider. Please have your provider complete the paperwork previously provided to you. Also please ensure that credentials and contact information is provided so that we can confirm.

Kind regards,

Julie
Julie Cole
Director of Medical Records/Legal Liaison
Northeast Center for Rehabilitation and Brain Injury
300 Grant Ave
Lake Katrine, NY 12449
Phone: (845) 336-3500 x. 33185
Fax: (845)336-5948
Email: JCole@northeastcenter.com



This communication may contain confidential Protected Health Information. This information including any attachment is intended only for the use of the individual or entity to which it is addressed. The authorized recipient of this information is prohibited from disclosing this information to any other party unless required to do so by law or regulation and is required to destroy the information after its stated need has been fulfilled. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or action taken on the reliance of the contents of these documents is STRICTLY PROHIBITED by federal law. If you have received this information in error, please notify the sender immediately and delete this transmission.

**Exhibit D**
April 14, 2026 Email from Plaintiff to NEC Counsel Confirming Transmission of Medical
Documentation

Case 7:25-cv-05210-KMK    Document 116    Filed 05/28/26    Page 12 of 20
Case 7:25-cv-05210-KMK    Document 94-1    Filed 04/24/26    Page 11 of 18

4/23/26, 6:32 PM

 **Outlook**

---

## Confirmation of Medical Documentation Transmission

---

**From** Camolin rockefeller <chamolin@hotmail.com>

**Date** Tue 4/14/2026 1:42 PM

**To** Mervis, Harvey D. <hmervis@hhk.com>; Lewis, Anna <alewis@hhk.com>; info@hhk.com <info@hhk.com>

Dear Mr. Mervis,

I am writing to briefly confirm our conversation this morning.

As discussed, my physician's office has faxed the requested medical documentation, as directed by Ms. Julie Cole, to your office at Hinman, Howard & Kattell for the second time. I also confirmed directly with my provider this morning that the documentation was sent.

Please confirm receipt at your earliest convenience.

Thank you,

Chamolin Rockefeller

Get Outlook for iOS

**Exhibit E**
April 23, 2026 ADA Follow-Up Request for Accommodation, Visitation, and Clarification

Outlook

---

## Rockefeller- ADA accommodations and visitation

---

**From** Camolin rockefeller <chamolin@hotmail.com>

**Date** Thu 4/23/2026 11:07 AM

**To** Oblitas, Maria (DFA) <maria.oblitas@dfa.state.ny.us>; Bouffard, Mark (DFA) <mark.bouffard@dfa.state.ny.us>; Melissa Routson <mroutson@northeastcenter.com>; Julie Carroll <jcarroll@northeastcenter.com>; Julie Cole <jcole@northeastcenter.com>

**Cc** Schlobohm, Frances (DFA) <frances.schlobohm@dfa.state.ny.us>; DeGroat, Cheryl (DFA) <cheryl.degroat@dfa.state.ny.us>; Bonomo-Gose, Christie (DFA) <christie.bonomo-gose@dfa.state.ny.us>; dcfsinfo@dutchessny.gov <dcfsinfo@dutchessny.gov>

Dear Ms. Carroll, Ms. Cole, Mr. Bouffard, and Ms. Routson,

I am writing to formally follow up regarding my prior requests for ADA accommodation, meaningful participation in my father's care, and appropriate visitation.

To date, no ADA interactive process has been initiated, and no individualized assessment has been conducted, despite repeated requests and verified medical documentation provided by my treating physician and PCA.

As you are aware, my disability requires reasonable accommodation in order for me to meaningfully participate in care plan meetings and maintain contact with my father. This includes the presence of a support person and the ability to engage in an environment that does not exacerbate my condition.

Despite this:

- I was denied the presence of my support person at the April 14 care plan meeting
- No alternative accommodation was meaningfully offered
- The meeting proceeded without my full and effective participation

I am requesting immediate visitation with my father under conditions that are appropriate, non-arbitrary, and based on an individualized assessment.

At this time, I cannot participate in the currently imposed structure of limited, pre-scheduled, supervised visitation.

That structure has been in place since December 2023 without any documented incident and without reassessment. It does not allow for meaningful interaction or preservation of the parent-child relationship, and it is not compatible with my disability-related needs as documented and verified.

The continued reliance on a fixed, predetermined visitation structure—without individualized assessment or engagement in the ADA interactive process—is not

Case 7:25-cv-05210-KMK   Document 94-1   Filed 04/24/26   Page 14 of 18

4/23/26, 6:40 PM

appropriate.

I am ready and willing to visit my father and to engage in a good-faith process to establish appropriate conditions. That requires compliance with the obligation to engage in the ADA interactive process and to reassess current conditions based on individualized factors rather than blanket restrictions.

In addition, during the April 14 care plan meeting, it was stated that my father has a phone in his room but that its functionality was unclear. Ms. Routson indicated she would obtain that information.

Please provide clarification on that as well.

Accordingly, please confirm:

- When the ADA interactive process will be initiated
- Who will be participating in that process
- When an individualized assessment of visitation will be conducted
- Whether my support person will be permitted as a reasonable accommodation
- The status and functionality of the phone in my father's room, including how he may be directly reached

The continued failure to engage in the ADA process and reassess current conditions is preventing meaningful access and participation and is causing ongoing harm.

I am requesting a direct response to these items.

Please confirm receipt of this communication.

Sincerely,
Chamolin Rockefeller

Get Outlook for iOS

**Exhibit F**
Plaintiff's Written Statement Regarding April 14, 2026 Incident

## WRITTEN STATEMENT

Date:

Name: Chamolin Rockefeller

On April 14, 2026, I was present at Northeast Center for Rehabilitation and Brain Injury in Lake Katrine, New York, for a scheduled care plan meeting regarding my father, Alfred J. Rockefeller III.

While I was present, a facility administrator, Julie Carroll, placed a call to law enforcement in front of myself and my support person. During that call, she stated that there was an individual at the facility who was subject to a restraining order.

Law enforcement responded to the facility. Upon arrival, the same statement was made to the responding officers — that a restraining order was in place against my support person.

Both my support person and I clearly stated to law enforcement that she was present in her role as my ADA support person.

The responding officers checked and stated that there was no active restraining order in place.

Despite this, my support person was removed from the premises.

I personally witnessed law enforcement remove her from a seated position. She is elderly and disabled, and during the removal, items from her purse fell to the floor.

As a direct result of these events, I was unable to have my ADA support person present during the care plan meeting and was forced to proceed without the accommodation necessary for me to meaningfully participate as a person with disabilities. This caused significant distress and impaired my ability to engage in my father's care planning.

I am requesting that this incident be formally documented.

Based on what I personally witnessed, a false statement was made to law enforcement regarding the existence of a restraining order. Such conduct may fall under New York Penal Law § 240.50, which prohibits falsely reporting an incident.

This false report directly resulted in the removal of an elderly disabled individual and the denial of my federally protected ADA accommodation.

I am able to provide additional information and supporting material, including recordings, if needed.

Chamolin Rockefeller

**Exhibit G**

Ulster County Sheriff Contact Card and Case Number (2026-07800)



# SHERIFF'S OFFICE

*ULSTER COUNTY*
## EMMETT VEDDER III
SERGEANT

*12:50*
*4/21*

*47*

CRIMINAL DIV. 24 HOURS
(845) 338-3640
FAX: (845) 340-3718
JUAN FIGUEROA
SHERIFF
HTTPS://WWW.ULSTERSHERIFFNY.GOV/

MAIN: (845) 338-3640
380 BOULEVARD
KINGSTON, NY 12401
EVDD@CO.ULSTER.NY.US

*C# 2026·07800*

Download our FREE mobile app today!




GET IT ON
Google Play


Download on the
App Store

*845-340-4217*

# Case# 2026·07800

# UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

**Chamolin Rockefeller,**

Plaintiff,

v.

**Dutchess County Department of Social Services, et al.,**

Defendants.

Case No.: 1:25-cv-05210 (KMK)

# PROPOSED ORDER

Upon consideration, it is hereby:

ORDERED that:

1. Defendants shall engage in a good-faith ADA interactive process within seven (7) days;
2. Plaintiff shall be permitted to attend care plan meetings;
3. Plaintiff shall be permitted to have a support person present;
4. Defendants shall restore meaningful visitation access under non-arbitrary conditions;
5. Defendants shall provide Plaintiff with a **written individualized assessment** supporting any restrictions;
6. Defendants shall not retaliate against Plaintiff;
7. No bond shall be required pursuant to Rule 65(c);

This Order shall remain in effect pending further order of the Court.

SO ORDERED:

Hon. Kenneth M. Karas
United States District Judge
Dated: _____